# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SANTRA LAVONNE RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:15-cv-00564-LSC-HGD |
| ) | |
| ADDUCI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

On April 3, 2015, the plaintiff filed a document entitled "Habeas Corpus Corpus Pursuant to 2241 (Confinement) by Way of Affidavit." (Doc. 1). In conjunction with that filing, the plaintiff paid $5.00 as a habeas petition filing fee. At the time she filed that pleading, and at all relevant times since, the plaintiff has been a prisoner confined in FCI Aliceville, in Aliceville, Alabama.

Because that initial pleading, which sought only money damages, seemingly challenged the plaintiff's conditions of confinement, and not the fact or duration of her confinement, the pleading was construed as a complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1]  Therefore, on June 26, 2015, the

---

[1] The Supreme Court held in *Bivens* that injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights. 403 U.S. at 389. A *Bivens* claim is analogous to a § 1983 claim against a state or local officer.  *Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1297 n. 15 (11th Cir. 2003).  "Because of the similarity in the causes of action, a *Bivens case* challenges the constitutionality of federal officials' conduct,

plaintiff was ordered to either file an application to proceed *in forma pauperis* or to pay the filing fees applicable to such a law suit.[2]  (Doc. 2).  Rather than comply with that Order, the plaintiff filed documents styled as "Judicial Notice 201 and Letter of Inquiry Accompanied by Memorandum of Law" (doc. 3) and "Objection to Deficient Notice Served to Plaintiff US Magistrate Judge Harwell G. Davis, III" (doc. 4).  The plaintiff also filed a "Notice of Filing Writ of Right or Writ of Mandamus in the matter of Case Number 7:15-CV-0056-LSC-HGD."[3]  (Doc. 5).

In considering this collection of pleadings, the magistrate judge found that the plaintiff challenged her custody classification[4] and that the plaintiff argued that the

---

while § 1983 challenges the constitutionality of state officials' conduct, [courts] generally apply § 1983 law to *Bivens* cases." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quotation omitted) (alteration added).

[2]That pleading contained language such as, "That I (Rucker) am standing in my unlimited commercial liability as a Secured Party Creditor & request that the officers of this court do the same" (doc. 1 at 1), and that "Petitioner has one valid consensual contract with each of the above named Federal Officials."  (Doc. 1, at 5).  Because of this court's obligation to construe liberally *pro se* pleadings, the magistrate judge searched that 45 page document to find any claim upon which relief could be granted.

[3]The plaintiff stresses in these pleadings that she is bringing an action under *Bivens* and not filing an action pursuant to § 1983. (*See e.g.*, doc. 8 at 1-2).  The court, in fact, specifically construed the plaintiff's claims as brought pursuant to *Bivens*, despite her insistence in her original pleading that "THIS DOCUMENT/ PETITION/PLEADING IS CLEARLY TITLED UNDER 'TITLE OF DOCUMENT' AS HABEAS CORPUS PURSUANT TO 2241-CIVIL ACTION, PLEASE DO NOT RECHARACTERIZE OR RENAME (CHANGE) THIS 2241 INTO A BIVENS ACTION . . ." (Doc. 1 at 1).

[4]The plaintiff alleged in her first pleading that "On or about September 3, 2014, Petitioner, was informed by Case Manager Burks/Hudson (Respondent) that the Designation & Sentence Computation Center 'Team Foxtrot' denied your camp transfer . . ."  (Doc. 1 at 3).  The plaintiff alleged this occurred without due process and thus she began the mandatory grievance procedure.

court should allow her to submit a new complaint. (Doc. 6). That Order also noted that the plaintiff had submitted approximately 60 pages, mainly consisting of legal rhetoric, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. (*Id*., at 2).[5] The Order continued

> . . . the court shall allow the plaintiff one further opportunity to comply with the court's order to submit an application to proceed *in forma*

---

She asserted that the camp transfer had been approved prior to the time it was denied. (*Id*.). In her "first cause of action" for "trespass against rights," the plaintiff asserted that the forms concerning her transfer should have been in her case file, and that she was deprived due process when the transfer was denied with no right of appeal. (*Id*., at 4). In her "Direct Attack against Order," filed August 28, 2015, the plaintiff asserted she was ***not*** challenging that she was denied a transfer. (Doc. 8, at 3). However, the "Complaint pursuant to § 1331" attached to that document concludes

> RUCKER's constitutional rights "were knowingly violated", because she was not given a chance to appeal the camp denial and placement of a (2) year greater security management variable, and was not allotted full disclosure of reason and justification of the denied under Due Process...

(Doc. 8 at 19) (grammatical errors in original).

No constitutional right to be housed in a specific prison exists. *See e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Because there is no liberty interest in a transfer to a particular prison, there can be no violation of due process in not receiving that transfer. *Green v. Warden, FCI Englewood, Col*., 936 F.2d 582, *2 (10th Cir. 1991) (unpublished). *See also Rutherford v. Bureau of Prisons,* 2014 WL 4388257, *4 (E.D.Ky. 2014) ("even if the BOP failed to adhere to its own regulations regarding prison placement, that failure would not implicate constitutional protections."); *White v. Berkbile,* 2011 WL 1868973, *5 (E.D.Ky. 2011) ("regardless of whether White files a *Bivens* civil rights action or a § 2241 petition, it is well-settled that prison classifications, assignments, and transfers are functions wholly within the discretion of the BOP"). Federal prisoners have no due process rights in their classification while incarcerated. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). No Fourteenth Amendment interest is implicated in a transfer to a less agreeable prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

[5]The complaint and supplemental documents also bring multiple unrelated claims in violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.

*pauperis* or to pay the filing fee of $350 and administrative fee of $50. The plaintiff also will be afforded the opportunity to submit an amended complaint.

(*Id.*, at 2-3). Specific instructions on how to accomplish the foregoing were included, as were the forms necessary for compliance. The plaintiff was further warned that failure to comply with the order may result in the dismissal of her action without further notice. (*Id.*, at 4).

Rather than file an amended complaint and an application to proceed *in forma pauperis* or pay the filing fee,[6] the plaintiff filed a document styled as "Santra-Lavonne: Rucker as Relator on/for Santra Lavonne Rucker (Plaintiff) v. US Magistrate Judge Harwell Davis III" and titled "Memorandum in Opposition of Order (8/2/15) & Memo in Support of Answer & Objections for Direct Attack against Illegal Order Commenced by US Magistrates (sic) Judge." (Doc. 7). The plaintiff also filed a 23-page document, similarly styled, titled "Answer and Objections for 'Direct Attack' Against 'Order' Commenced by US Magistrate Judge . . ." (Doc. 8).[7] In this pleading, the plaintiff asserts that she does not need to

---

[6]All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). This plaintiff's failure to do either is fatal to her claims.

[7]Attached to that document are a variety of forms, copies and hand written notes, including forms not provided or used by this court. The plaintiff sent a signed form in which she opted not to have her case tried by a United States Magistrate Judge (doc. 8 at 5); "Instructions for Filing a

comply with the prior orders of the court because "no Amend was needed because the errors were on part of US Magistrate Judge, not this Plaintiff.   The Court fails to recognize these legal documents as 'Supplements or Amended Pleading' without justification."  (Doc. 8 at 2) (grammatical errors in original).  The plaintiff then objects to the court calling her filings "documents" rather than "pleadings." (*Id.*).

A lawsuit is frivolous if it is without arguable merit either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (a case is frivolous when it appears that the plaintiff has little or no chance of success).   Under § 1915A, a district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).   The district court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

---

Civil Action for Violation of Civil Rights" which references the Northern District of West Virginia (doc. 8 at 6); a "Civil Cover Sheet" in which the causes of action are listed as "trespass against rights," "breach of contract," "malfeasance of office," and "fraud" (doc 8 at 7); a "Complaint pursuant to 28 U.S.C. § 1331" (doc. 8 at 10-13, 16-21), and a form complaint interspersed with the "Complaint pursuant to § 1331," utilizing a form not provided by this court (doc. 8 at 8-9, 14-15, 20).   Finally, attached is a portion of the Application to Proceed *In Forma Pauperis* provided by this court.   (Doc. 8 at 22).

A claim is frivolous as a matter of law where, *inter alia*, the claim seeks to enforce a right which clearly does not exist. *Neitzke*, 490 U.S. at 327 (ruling that a claim that a transfer within the institution violated due process rights was within this category). Judges are accorded "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Although courts must grant leniency to a *pro se* plaintiff, the same does not give the court "license to serve as *de facto* counsel for a party . . . , or to re-write an otherwise deficient pleading in order to sustain an action . . . . " *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

The plaintiff's filings, individually and collectively, are utterly frivolous and devoid of the slightest legal merit. In addition to her baseless due process claim, the plaintiff's pleadings randomly borrow language from the Uniform Commercial Code, which bestows no benefits on prisoners nor provides any source of federal constitutional rights, and further claim breach of contract, although the plaintiff also has no contract with any federal official by virtue of her incarceration in a federal prison. The plaintiff has been provided multiple opportunities to file a complaint under *Bivens* which sets forth a short and plain statement of a claim upon which

relief can be granted.  Rather than do so, the plaintiff has filed multiple documents with no support in law which assert non-existent causes of action, while refusing to either pay the required filing fee or submit a properly completed application to proceed *in forma pauperis*.  Dismissal is appropriate when the complaint, on its face, does not state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff has been repeatedly informed of the deficiencies in her pleadings, has been given two opportunities to submit the documents necessary to commence an action pursuant to *Bivens,* and has been warned of the consequences of failing to do so.  Accordingly, the court finds that this action is due to be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon the plaintiff's failure to comply with prior orders of the court.[8]  A separate order will be entered accordingly.

The Clerk is **DIRECTED** to serve a copy of this order upon the plaintiff.

---

[8] Rule 41(b) has been interpreted as conferring power upon district courts to *sua sponte* dismiss cases in order "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of [the courts]."  *Brutus v. Internal Revenue Service*, 393 Fed.Appx. 682, 683-84 (11th Cir. 2010).

**DONE** AND **ORDERED** ON OCTOBER 16, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704